# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEVIN T. BESSE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-2992** |
| **ROBERT C. TANNER, WARDEN** | **SECTION "G"(2)** |

## ORDER

Before the Court are Petitioner Kevin T. Besse's ("Petitioner") objections to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Also before the Court is Petitioner's "Motion for Appointment of Counsel."[2] Petitioner, a state prisoner incarcerated in the Avoyelles Correctional Center in Cottonport, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting numerous grounds for relief.[3] The Magistrate Judge recommended that the petition be dismissed with prejudice as procedurally barred.[4] Petitioner objects to the Magistrate Judge's recommendation.[5] After reviewing the petition, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will sustain Petitioner's objection and refer the petition to the Magistrate Judge to prepare a Report and Recommendation for the Court consistent with this opinion.

---

[1] Rec. Docs. 23, 24.

[2] Rec. Doc. 25.

[3] Rec. Doc. 1.

[4] Rec. Doc. 22.

[5] Rec. Docs. 23, 24.

## I. Background

*A.     Factual Background*

On January 15, 2010, Petitioner was charged by felony bill of information in the 24th Judicial District Court of Louisiana with two counts of unauthorized entry into an inhabited dwelling.[6] On September 14, 2010, following a jury trial, Petitioner was found guilty of one count of criminal trespass and one count of unauthorized entry into an inhabited dwelling.[7] On September 23, 2010, the state trial court sentenced Petitioner to serve 30 days in parish prison for criminal trespass and six years imprisonment at hard labor for unauthorized entry into an inhabited dwelling.[8] On November 10, 2010, the trial court found Petitioner to be a multiple felony offender and resentenced him to 30 years imprisonment at hard labor for his unauthorized entry into an inhabited dwelling conviction.[9]

Petitioner appealed his conviction and sentence to the Louisiana Fifth Circuit Court of Appeal, raising four errors: (1) the trial court erred in adjudicating Petitioner a multiple offender; (2) the trial court imposed an excessive sentence; (3) the evidence was insufficient to support the conviction for unauthorized entry into an inhabited dwelling; and (4) Petitioner was prejudiced by the introduction evidence of other crimes.[10] On December 28, 2011, the Louisiana Fifth Circuit

---

[6] State Rec., Vol. I of VI, Bill of Information, Jan. 15, 2010.

[7] State Rec., Vol. I of VI, Jury Verdict, Sept. 14, 2010.

[8] State Rec., Vol. I of VI, Sentencing Minutes, Sept. 23, 2010.

[9] State Rec., Vol. I of VI, Multiple Bill Hearing Minute Entry, Nov. 10, 2010.

[10] State Rec., Vol. III of VI, Appellate Brief, Mar. 28, 2011; State Rec., Vol. III of VI, Pro Se Brief, May 3, 2011.

Court of Appeal affirmed Petitioner's conviction, but vacated the multiple offender adjudication and sentence because the evidence was insufficient to support the multiple offender adjudication.[11] On May 25, 2012, the Louisiana Supreme Court denied Petitioner's related writ application without stated reasons.[12]

On remand from the Louisiana Fifth Circuit, the State re-filed a multiple offender bill against Petitioner, and he pled not guilty.[13] On May 24, 2012, the state trial court again adjudicated Petitioner to be a multiple felony offender and resentenced him to 30 years imprisonment at hard labor for his unauthorized entry into an inhabited dwelling conviction.[14] Petitioner filed an appeal from the multiple offender adjudication, but the matter was voluntarily dismissed by order of the Louisiana Fifth Circuit on January 31, 2013.[15] Petitioner's convictions and sentences became final 30 days later, on March 4, 2013, when he did not seek review by the Louisiana Supreme Court.[16]

On December 29, 2013, Petitioner filed an application for post-conviction relief with the state trial court, raising the following grounds for relief: (1) ineffective assistance of counsel; (2) his counsel had a conflict of interest because he was friends with the victim's uncle; (3) the charge and conviction were unlawfully obtained based on the victim's conflicting statements; (4) prosecutorial misconduct during a Rule 404(B) introduction of *res gestae* evidence that Petitioner beat William James when there were no witnesses to support the statement; (5) the trial court erred in denying Petitioner's request for a continuance to resolve his psychiatric problems; and (6) the

---

[11] *State v. Besse*, 2011-KA-230, (La. App. 5 Cir. 12/28/11); 83 So.3d 257.

[12] *State v. Besse*, 2012-KO-292 (La. 5/25/12); 90 So. 3d 409.

[13] State Rec., Vol. I of VI, Multiple Offender Bill, Jan. 6, 2012.

[14] State Rec., Vol. I of VI, Multiple Bill Hearing Minute Entry, May 24, 2012.

[15] State Rec., Vol. IV of VI, 12-KA-0779, Jan. 31, 2013.

[16] *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2003).

sentence imposed was excessive because the trial court failed to consider mitigating circumstances before sentencing.[17] The trial court denied the application on May 12, 2014.[18] The trial court found that claims one and two were meritless.[19] It also determined that claims two, three, and five were procedurally barred under Louisiana Code of Criminal Procedure article 930.4 because the claims could have been and were not raised on direct appeal.[20] The trial court found that claim four was procedurally barred under Louisiana Code of Criminal Procedure article 930.4(C) because the other crimes issue was fully litigated on appeal.[21] Finally, the state trial court determined that claim six was a sentencing issue not cognizable on post-conviction review under Louisiana Code of Criminal Procedure article 930.3.[22]

On August 19, 2014, the Louisiana Fifth Circuit denied Petitioner's related writ application, finding no error in the state trial court's denial of relief based on the same reasons relied upon by the state trial court.[23] Petitioner did not seek review of this ruling before the Louisiana Supreme Court.

On August 25, 2014, Petitioner filed a second application for post-conviction relief, in which he sought to re-urge and "bolster" his claim of ineffective assistance of trial counsel.[24] The state trial court denied the application on September 16, 2014, finding that the application sought

---

[17] State Rec., Vol. I of VI, Application for Post-Conviction Relief, Jan. 6, 2014 (dated Dec. 29, 2013).

[18] State Rec., Vol. I of VI, Trial Court Order, May 12, 2014.

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *State v. Besse*, 2014-KH-414 (La. App. 5 Cir. 8/19/14); State Rec., Vol. II of VI.

[24] State Rec., Vol. II of VI, Application for Post-Conviction Relief, Sept. 2, 2014 (dated Aug. 25, 2014).

untimely post-conviction review under Louisiana Code of Criminal Procedure article 930.8 and was successive.[25] Petitioner submitted an addendum to his petition on September 21, 2014, asserting another claim that his counsel was ineffective.[26] The state trial court declined to address the merits of the claim, finding that it was untimely under Louisiana Code of Criminal Procedure article 930.8.[27]

On November 4, 2014, the Louisiana Fifth Circuit denied Petitioner's related writ application finding no error in the trial court's September 16 and 21, 2014 orders.[28] Petitioner then submitted two writ applications to the Louisiana Supreme Court.[29] While these writ applications were pending, Petitioner filed numerous motions in the state trial court and supervisory writs before the Louisiana Fifth Circuit.[30] On February 26, 2016, the Louisiana Supreme Court denied

---

[25] State Rec., Vol. II of VI, Trial Court Order, Sept. 30, 2014.

[26] State Rec., Vol. II of VI, Addendum to Application for Post-Conviction Relief, Sept. 24, 2014 (dated Sept. 21, 2014).

[27] State Rec., Vol. II of VI, Trial Court Order, Sept. 30, 2014.

[28] *State v. Besse*, 2014-KH-776 (La. App. 5 Cir. 11/4/14); State Rec., Vol. V of VI.

[29] State Rec., Vol. V of VI, Writ Application Case No. 2014-KH-2636, Dec. 17, 2014; State Rec., Vol. V of VI, Writ Application Case No. 2015-KH-20, Jan. 6, 2015.

[30] Specifically, on December 3, 2014, Petitioner submitted to the trial court a motion to vacate the mandatory minimum habitual offender sentence and a motion to correct his sentence on other grounds. State Rec., Vol. II of VI, Motion to Correct, Dec. 8, 2014; State Rec., Vol. II of VI, Motion to Vacate, Dec. 9, 2014. The state trial court denied both motions as meritless by separate orders issued on January 5, 2015. State Rec., Vol. II of VI, Order, Jan. 5, 2015; State Rec., Vol. II of VI, Order, Jan. 5, 2015. Petitioner also submitted a motion for a new trial in the state trial court on December 23, 2014, based on his alleged discovery of a lease agreement. State Rec., Vol. II of VI, Motion for New Trial, Dec. 23, 2014. The state trial court denied the motion for a new trial on January 14, 2015. State Rec., Vol. II of VI, Order, Jan. 14, 2015. Almost eight months later, on August 3, 2015, he filed another motion for new trial asserting numerous grounds for relief. State Rec., Vol. II of VI, Motion for New Trial, Aug. 3, 2015. On August 20, 2015, the state trial court denied the motion. State Rec., Vol. II of VI, Order, Aug. 20, 2015. Petitioner sought review before the Louisiana Fifth Circuit, and on December 4, 2015, the Louisiana Fifth Circuit denied Petitioner's request for relief. *State v. Besse*, 2015-KH-579 (La. App. 5 Cir. 12/4/15); State Rec., Vol. II of VI. On September 18, 2015, Petitioner also submitted a writ application directly to the Louisiana Fifth Circuit, which that court denied on October 21, 2015, because Petitioner had not first asserted the issues and sought relief in the state trial court. State Rec., Vol. V of VI, Writ Application Case No. 2015-KH-579, Dec. 18, 2015. *State v. Besse*, 2015- KH-579 (La. App. 5 Cir. 10/21/15); State Rec., Vol. II of VI.

On October 23, 2015, Petitioner submitted to the state trial court motions to correct his sentence and quash the bill of information. State Rec., Vol. II of VI, Motion to Correct, Oct. 28, 2015; State Rec., Vol. II of VI, Motion to Quash, Oct. 28, 2015. On November 17, 2015, the state trial court denied the motion to correct as meritless and the

5

Petitioner's writ application finding that while his second application for post-conviction relief was not untimely under Louisiana Code of Criminal Procedure article 930.8 it was repetitive under Louisiana Code of Criminal Procedure article 930.4.[31] In response to the Louisiana Supreme Court's mandate, on March 8, 2016, the state trial court entered a ruling denying Petitioner's second application for post-conviction relief as repetitive.[32] On March 14, 2016, the Louisiana Supreme Court declined to consider Petitioner's second writ application, finding that it was untimely under Louisiana Supreme Court Rule X § 5.[33]

On March 14, 2016, the state trial court addressed Petitioner's application for writ of habeas corpus and motion for a temporary restraining order filed on March 8, 2016, which it construed as applications for post-conviction relief, and denied them for seeking untimely post-conviction relief under Louisiana Code of Criminal Procedure article 930.8.[34] Petitioner did not seek review of this ruling.

Petitioner filed this federal habeas petition on April 11, 2016, arguing that he received ineffective assistance of counsel because his trial counsel failed to: (1) file pretrial discovery; (2) file a motion to suppress the prejudicial photographs or any other pretrial motion to suppress; (3) file a motion in limine regarding admissibility of prejudicial photographs; (4) file a motion to

---

motion to quash as untimely. State Rec., Vol. II of VI, Order, Nov. 17, 2015; State Rec., Vol. II of VI, Order, Nov. 17, 2015. The Louisiana Fifth Circuit denied Petitioner's related writ application on February 22, 2016, finding that his motions were untimely and sought relief from the multiple offender adjudication that was not cognizable on post-conviction review under Louisiana Code of Criminal Procedure article 930.3. *State v. Besse*, 2015-KH-779 (La. App. 5 Cir. 2/22/16); State Rec., Vol. II of VI. On March 8, 2016, the Louisiana Fifth Circuit also denied as repetitive another of Petitioner's writ applications in which he sought to have his second multiple offender adjudication vacated. *State v. Besse*, 2015-KH-782 (La. App. 5 Cir. 3/8/16); State Rec., Vol. II of VI.

[31] *State ex rel. Besse v. State*, 2015-KH-2636 (La. 2/26/16); 184 So.3d 1272.

[32] State Rec., Vol. II of VI, Minute Entry, Mar. 8, 2016.

[33] *State ex rel. Besse v. State*, 2015-KH-0050 (La. 3/14/16); 186 So.3d 648.

[34] State Rec., Vol. II of VI, Order, Mar. 14, 2016.

6

quash repetitive subpoenas by the State; (5) file a motion for preliminary hearing; (6) inform the court of his conflict of interest; (7) file a motion for a sanity hearing before trial; (8) assist Petitioner with compulsory process by subpoenaing witnesses; (9) prepare a defense; (10) object to the State's misrepresentation of plea negotiations; (11) object to the State's constructive amendment to the bill of information; (12) object to the prosecutor's improper opening statements; (13) object to the jury being allowed to review the photographic evidence during deliberations; (14) object to the photographic evidence on the grounds of hearsay in violation of the Confrontation Clause; (15) research the case because of his travel to Arkansas; (16) move for a *Prieur* hearing before the photographs were admitted; (17) file for a bill of particulars; (18) file an omnibus motion; and (19) make opening statements or closing arguments.[35] Petitioner also argues that the state trial court denied his three post-conviction motions in violation of due process.[36] In response, the State contends that Petitioner failed to exhaust state court review of two claims and that the remaining claims are procedurally barred from federal habeas review.[37]

### B. *Report and Recommendation Findings*

The Magistrate Judge recommended that the petition be dismissed with prejudice.[38] The Magistrate Judge found that Petitioner failed to exhaust review of seven of his claims in a procedurally proper manner.[39] Nevertheless, the Magistrate Judge determined that Petitioner had presented all twenty claims to the Louisiana Supreme Court,[40] and the Louisiana Supreme Court

---

[35] Rec. Doc. 1.

[36] *Id.*

[37] Rec. Doc. 20.

[38] Rec. Doc. 22.

[39] *Id.* at 19.

[40] *Id.* at 21 (citing State Rec., Vol. V of VI, Writ Application Case No. 2014-KH-2636, Dec. 17, 2014).

7

ultimately dismissed these claims as a repetitive post-conviction application under Louisiana Code of Criminal Procedure article 930.4.[41] Therefore, the Magistrate Judge found that Petitioner no longer had the opportunity to present his post-conviction claims in the state courts, and so Petitioner met the technical requirement for exhaustion.[42] Accordingly, the Magistrate Judge determined that Petitioner's claims must be deemed exhausted and be evaluated for procedural default.[43]

The Magistrate Judge noted that the Louisiana Supreme Court relied on Louisiana Code of Criminal Procedure article 930.4 to find that the claims were barred from review because they were repetitive and successive.[44] The Magistrate Judge determined that Articles 930.4(D) and (E) were independent state procedural rules that prevented review of the merits of Petitioner's claims.[45] The Magistrate Judge cited a Fifth Circuit opinion holding that Louisiana Code of Criminal Procedure article 930.4 is an independent and adequate state law ground for dismissal of a claim which bars review of similar claims by the federal courts in a habeas corpus proceeding.[46] Therefore, the Magistrate Judge concluded that the state courts' reasons for dismissal and bar to review of Petitioner's claims were independent of federal law and adequate to bar review of his claims.[47]

---

[41] *Id.* (citing *State ex rel. Besse v. State*, 2015-KH-2636 (La. 2/26/16); 184 So.3d 1272).

[42] *Id.* at 21–22 (citing *Gray v. Netherland*, 518 U.S. 152, 161-162 (1996)).

[43] *Id.* at 22.

[44] *Id.* at 22–23, 25.

[45] *Id.* at 25.

[46] *Id.* at 26 (citing *Bennett v. Whitley*, 41 F.3d 1581 (5th Cir. 1994)).

[47] *Id.* at 11.

Moreover, the Magistrate Judge determined that Petitioner had not established cause for his default and prejudice attributed thereto or that the failure to review the defaulted claim would result in a fundamental miscarriage of justice.[48] The Magistrate Judge noted that Petitioner argued he was unable to present his claims in a proper manner because he was housed in a prison without a full law library and without trained inmate counsel to assist him.[49] However, the Magistrate Judge found this argument unavailing because it is well settled under Fifth Circuit law that neither pro se status nor ignorance of the law is sufficient cause to excuse a procedural default.[50] To the extent that Petitioner attempted to show his factual innocence by challenging the sufficiency of the evidence presented at trial, the Magistrate Judge determined that Petitioner's arguments did not establish or raise doubt about whether he was authorized to be in the apartment where he was found by police and ultimately arrested for criminal trespass and unauthorized entry into an inhabited dwelling.[51] Therefore, the Magistrate Judge determined that Petitioner had not established that failure to review these claims would result in a fundamental miscarriage of justice.[52] Accordingly, the Magistrate Judge recommends that the Court dismiss Petitioner's claims because they are procedurally barred.[53]

---

[48] *Id.* at 27.

[49] *Id.*

[50] *Id.* (citing *Saahir v. Collins*, 956 F.2d 115, 118 (5th Cir. 1992)).

[51] *Id.* at 29.

[52] *Id.*

[53] *Id.*

## II. Objections

*A.    Petitioner's Objections*

On December 19, 2016, Petitioner filed his objections to the Magistrate Judge's Report and Recommendation.[54] Petitioner asserts that he voluntarily dismissed his second direct appeal because he had been released from custody by the Department of Corrections on parole.[55] However, because he feared that the limitations period for filing a federal habeas corpus application would expire, Petitioner contends that he was forced to file a deficient post-conviction relief application in state court.[56] After speaking to his trial counsel and being told that trial counsel would testify at an evidentiary hearing, Petitioner asserts that he attempted to file an ineffective assistance of counsel claim without the help of a lawyer or access to a law library.[57] Petitioner contends that he attempted to supplement his claims before the Louisiana Fifth Circuit after he received a post-conviction relief self-help book, but the Louisiana Fifth Circuit declined to consider those claims because they were not first raised before the state trial court.[58] Petitioner argues that he tried to return to the state trial court to raise these claims, but his request was denied.[59]

Petitioner asserts that the state courts have discretion to hear a successive application.[60] He argues that Louisiana Code of Criminal Procedure article 930.4 is discretionary, and it was raised

---

[54] Rec. Doc. 23.

[55] *Id.* at 2.

[56] *Id.*

[57] *Id.*

[58] *Id.* at 3.

[59] *Id.*

[60] *Id.*

10

by the state courts to circumvent his right to receive full review of his claims.[61] Petitioner contends that the state courts' denial of review and denial of an evidentiary hearing have resulted in a fundamental miscarriage of justice.[62]

According to Petitioner, his trial counsel was ineffective in failing to call defense witnesses to testify that he lived in the apartment where he was ultimately arrested for criminal trespass and unauthorized entry into an inhabited dwelling.[63] Petitioner argues that his trial counsel had evidence that would have "entertained a reasonable doubt as to the defendant's guilt" if it were presented at trial.[64] Petitioner disputes the Magistrate Judge's assertion that none of his arguments establish or raise doubt regarding whether Petitioner was authorized to be in the apartment where he was found by the police.[65] He contends that the State relied on photographs to show that he was not authorized to enter the apartment, but, according to Petitioner, those photographs should not have been admitted into evidence.[66] Furthermore, Petitioner asserts that his trial counsel's failure to research, evaluate the evidence, or file any pretrial motions weakened his defense.[67]

Petitioner notes that Louisiana Code of Criminal Procedure article 930.4 authorizes dismissal of a successive application if it asserts a new claim that was inexcusably omitted from

---

[61] *Id.* at 4.

[62] *Id.*

[63] *Id.* at 5.

[64] *Id.*

[65] *Id.* at 6.

[66] *Id.* at 6–7.

[67] *Id.* at 7.

11

the prior application.[68] Petitioner argues that the state courts did not give him an opportunity to explain his failure to raise these claims in his first petition.[69]

Petitioner contends that if an evidentiary hearing would have been granted by the state trial court, no further litigation would have been necessary.[70] Petitioner asserts that the state trial court's denial of his motion requesting that his trial counsel provide evidence to show his factual innocence was not harmless as it left him unable to obtain relief.[71] Petitioner avers that this establishes cause and prejudice for his procedural default.[72] Furthermore, Petitioner argues that this Court's failure to review his ineffective assistance of counsel claim would be a fundamental miscarriage of justice because the state trial court denied him an evidentiary hearing.[73] Petitioner contends that he cannot prove any deficiencies in his trial counsel's performance, or prejudice resulting therefrom, without his trial counsel's testimony.[74] Petitioner avers that his trial counsel admitted that he was ineffective during a phone conversation with Petitioner.[75] Moreover, Petitioner argues that his trial testimony should have been included in the procedural background to the Report and Recommendation because it shows that he has been professing his innocence since the beginning of his criminal proceedings.[76]

---

[68] *Id.* at 8.

[69] *Id.*

[70] *Id.* at 9.

[71] *Id.* at 10.

[72] *Id.*

[73] *Id.*

[74] *Id.*

[75] *Id.* at 11.

[76] *Id.* at 12.

### B. *Petitioner's Supplemental Objections*

On December 19, 2016, Petitioner also filed supplemental objections to the Report and Recommendation.[77] Petitioner attached a document to the supplemental objections, which he contends was a motion to stay filed in Louisiana Supreme Court regarding his first post-conviction application and requesting that his case be stayed until he could supplement his first post-conviction application in the state trial court.[78] Petitioner asserts that the filing before the Louisiana Supreme Court shows that the need to file a successive state post-conviction application was beyond his control.[79]

### C. *Petitioner's Motion to Appoint Counsel*

On January 9, 2017, Petitioner also filed a motion to appoint counsel.[80] Therein, Petitioner argues that: (1) he is unable to afford counsel; (2) the issues involved in this case are complex; (3) he had no access to a law library or inmate counsel; (4) he notified the state trial court that his first post-conviction application might be deficient and that he needed legal counsel; (5) he filed a motion to appoint counsel in the state trial court; and (6) he has limited knowledge of the law.[81] Accordingly, Petitioner requests that the Court appoint counsel on his behalf to aid him in overcoming any procedural difficulties.[82] Petitioner contends that his procedural default is excusable because he was transferred to five different institutions during the pendency of his first

---

[77] Rec. Doc. 24.

[78] *Id.* at 1.

[79] *Id.* at 2.

[80] Rec. Doc. 25.

[81] *Id.* at 1.

[82] Rec. Doc. 25-1 at 2.

13

state post-conviction application.[83] Therefore, Petitioner avers that his motion to appoint counsel should be granted.[84]

### D. State's Opposition

The State of Louisiana did not file a brief in opposition to Petitioner's objections, supplemental objections, or motion to appoint counsel despite receiving electronic notice of the filings.

## III. Standard of Review

In accordance with Local Rule 73.2, this case was referred to a magistrate judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended disposition" of a magistrate judge on a dispositive matter.[85] A district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[86] A district court's review is limited to plain error for parts of the report which are not properly objected to.[87]

## IV. Law and Analysis

### A. Procedural Default

Petitioner objects to the Magistrate Judge's determination that his claims are procedurally defaulted.[88] Accordingly, the Court reviews this issue *de novo*.

---

[83] *Id.* at 3.

[84] *Id.* at 5.

[85] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[86] Fed. R. Civ. P. 72(b)(3).

[87] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[88] Rec. Doc. 23.

14

A habeas corpus claim may not be reviewed in federal court "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision."[89] Where a state court rejects a petitioner's claim based on an independent and adequate state procedural rule, "federal *habeas* review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."[90]

Here, Petitioner filed a pro se application for post-conviction relief with the state trial court on 29, 2013, in which he raised *inter alia* an ineffective assistance of counsel claim.[91] On May 12, 2014, the trial court denied the application and also denied Petitioner's request that counsel be appointed on his behalf.[92] On August 25, 2014, Petitioner filed a second application for post-conviction relief, in which he sought to re-urge and "bolster" his claim of ineffective assistance of trial counsel.[93] The state trial court denied the application on September 16, 2014, finding that the application sought untimely post-conviction review under Louisiana Code of Criminal Procedure article 930.8 and was successive.[94] Petitioner submitted an addendum to his petition on September 21, 2014, asserting another claim that his counsel was ineffective.[95] The state trial court declined to address the merits of the claim, finding that it was untimely under Louisiana Code of Criminal

---

[89] *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001).

[90] *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999).

[91] State Rec., Vol. I of VI, Application for Post-Conviction Relief, Jan. 6, 2014 (dated Dec. 29, 2013).

[92] State Rec., Vol. I of VI, Trial Court Order, May 12, 2014.

[93] State Rec., Vol. II of VI, Application for Post-Conviction Relief, Sept. 2, 2014 (dated Aug. 25, 2014).

[94] State Rec., Vol. II of VI, Trial Court Order, Sept. 30, 2014.

[95] State Rec., Vol. II of VI, Addendum to Application for Post-Conviction Relief, Sept. 24, 2014 (dated Sept. 21, 2014).

Procedure article 930.8.[96] On February 26, 2016, the Louisiana Supreme Court denied Petitioner's related writ application finding that while his second application for post-conviction relief was not untimely under Louisiana Code of Criminal Procedure article 930.8, it was repetitive under Louisiana Code of Criminal Procedure article 930.4.[97] In response to the Louisiana Supreme Court's mandate, on March 8, 2016, the state trial court entered a ruling denying Petitioner's second application for post-conviction relief as repetitive.[98]

Therefore, the state courts found that Petitioner's second application for post-conviction relief was repetitive under Louisiana Code of Criminal Procedure article 930.4.[99] Article 930.4(D) authorizes the state courts to dismiss a successive application that fails to assert a new or different claim. Article 930.4(E) authorizes the state courts to dismiss a successive application that "raises a new or different claim that was inexcusably omitted from a prior application." The record shows that Petitioner's second application for post-conviction relief asserted several previously made claims and other claims that were not raised in his first application for post-conviction relief. Therefore, the Louisiana Supreme Court correctly found that Petitioner's second application was barred by Articles 930.4(D) and 930.4(E). The Fifth Circuit has found Articles 930.4(D) and 930.4(E) are independent and adequate state procedural rules.[100] Accordingly, "federal *habeas* review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."[101]

---

[96] State Rec., Vol. II of VI, Trial Court Order, Sept. 30, 2014.

[97] *State ex rel. Besse v. State*, 2015-KH-2636 (La. 2/26/16); 184 So.3d 1272.

[98] State Rec., Vol. II of VI, Minute Entry, Mar. 8, 2016.

[99] *State ex rel. Besse v. State*, 2015-KH-2636 (La. 2/26/16); 184 So.3d 1272.

[100] *Ardison v. Cain*, 264 F.3d 1140, 2001 WL 822445, at *4–5 (5th Cir. 2001).

[101] *Hughes*, 191 F.3d at 614.

"To establish cause for a procedural default, there must be something external to the petitioner, something that cannot fairly be attributed to him."[102] In *Martinez v. Ryan*, the Supreme Court held that ineffective assistance of counsel or the State's failure to appoint counsel in initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.[103] In order to establish cause for the procedural default, a petitioner must show that his underlying claims of ineffective assistance of trial counsel are "substantial," meaning the petitioner "must demonstrate that the claim[s] ha[ve] some merit."[104] In *Trevino v. Thaler*, the Supreme Court held that *Martinez* applies where "the [state] procedural system—as a matter of its structure, design, and operation—does not offer most defendants a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal."[105]

The Fifth Circuit has explained that "[w]hen a state, like Louisiana, requires that a prisoner raise an ineffective assistance of counsel claim on collateral review, a prisoner can demonstrate cause for the default in two circumstances: (1) 'where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial' and (2) 'where appointed counsel in the initial-review collateral proceeding . . . was ineffective under the standards of *Strickland v. Washington*.'"[106] "*Martinez* thus created an exception to the general rule, which provides that the ineffectiveness of a petitioner's habeas attorney is not cause to excuse a procedural default because there is no constitutional right to representation at that stage."[107]

---

[102] *Johnson v. Puckett*, 176 F.3d 809, 816 (5th Cir. 1999) (quotation marks omitted).

[103] 566 U.S. 1 (2012).

[104] *Id.* at 14.

[105] 133 S.Ct. 1911, 1921 (2013).

[106] *Lindsey v. Cain*, 476 F. App'x 777, 778 (5th Cir. 2012) (quoting *Martinez*, 132 S.Ct. at 1318).

[107] *Prystash v. Davis*, 854 F.3d 830, 836 (5th Cir. 2017).

However, this is a "'narrow exception' that applies only with respect to 'cause for a prisoner's procedural default of a claim of ineffective assistance at trial.'"[108]

Here, Petitioner raises 19 ineffective assistance of trial counsel claims.[109] Moreover, the state trial court did not appoint counsel on Petitioner's behalf during his initial-review collateral proceeding.[110] Petitioner asserts that he attempted to file an ineffective assistance of counsel claim without the help of a lawyer or access to a law library.[111] Petitioner contends that he attempted to supplement his claims before the Louisiana Fifth Circuit after he received a post-conviction relief self-help book, but the Louisiana Fifth Circuit declined to consider those claims because they were not first raised before the state trial court.[112] Therefore, Petitioner appears to argue that the trial court's denial of his motion to appoint counsel establishes cause for his procedural default.

Under the Supreme Court's decision in *Martinez v. Ryan*, because Petitioner did not have counsel during his initial collateral-review proceeding in the state trial court he may be able to establish cause for the procedural default on his ineffective assistance of trial counsel claims if he can show that these claims are "substantial."[113] The Magistrate Judge did not address whether the 19 ineffective assistance of trial counsel claims raised by Petitioner are substantial. Moreover, the State has not provided any briefing on this issue. Accordingly, the Court refers this matter back to the Magistrate Judge to prepare another Report and Recommendation on whether Petitioner's

---

[108] *Id.* (quoting *Martinez*, 132 S.Ct. at 1315).

[109] Rec. Doc. 1.

[110] State Rec., Vol. I of VI, Trial Court Order, May 12, 2014.

[111] Rec. Doc. 23 at 2.

[112] *Id.* at 3.

[113] *Martinez*, 566 U.S. at 14.

ineffective assistance of counsel claims are substantial such that they establish cause for Petitioner's procedural default.

### B.     *Motion to Appoint Counsel*

18 U.S.C. § 3006A(a)(2)(B) provides that a court may appoint counsel "for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28" when it "determines that the interests of justice so require." Pursuant to the Rules Governing Section 2254 cases, the Court must appoint counsel for a financially eligible person if an evidentiary hearing is required.[114] However, "[t]hese rules do not limit the appointment of counsel under Sec. 3006A at any stage of the proceeding."[115] Here, an evidentiary hearing has not been ordered. Moreover, Petitioner has not shown that the interests of justice require that counsel be appointed at this time. Therefore, the Court finds that appointment of counsel is not appropriate at this time.

## V. Conclusion

For the reasons stated above, the Court refers this matter back to the Magistrate Judge to prepare another Report and Recommendation on whether Petitioner's ineffective assistance of counsel claims are substantial such that they establish cause for Petitioner's procedural default. Moreover, the Court finds that appointment of counsel is not appropriate at this time because an evidentiary hearing has not been ordered and Petitioner has not demonstrated that the interests of justice require that counsel be appointed. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **SUSTAINED**.

---

[114] *See* Rules Governing Section 2254 Cases, Rule 8(c).

[115] *Id.*

19

**IT IS FURTHER ORDERED** that the petition of Kevin T. Besse for issuance of a writ of *habeas corpus* is **REFERRED** to the United States Magistrate Judge to prepare another Report and Recommendation for the Court consistent with this opinion.

**IT IS FURTHER ORDERED** that the "Motion for the Appointment of Counsel"[116] is **DENIED.**

**NEW ORLEANS, LOUISIANA,** this __7th__ day of July, 2017.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[116] Rec. Doc. 25.