# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

KEVIN T. BESSE                                   CIVIL ACTION

VERSUS                                           NO. 16-2992

ROBERT C. TANNER, WARDEN                         SECTION "G"(2)

## ORDER AND REASONS

Before the Court are Petitioner Kevin T. Besse's ("Petitioner") objections to the second Report and Recommendation of the United States Magistrate Judge assigned to the case.[1] Petitioner, a state prisoner incarcerated in the Avoyelles Correctional Center in Cottonport, Louisiana, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting numerous grounds for relief.[2] The Magistrate Judge previously recommended that the petition be dismissed with prejudice as procedurally barred.[3] Petitioner objected to the Magistrate Judge's recommendation,[4] and the Court sustained the objection and referred the petition to the Magistrate Judge to prepare a second Report and Recommendation to address whether Petitioner's ineffective assistance of counsel claims are substantial such that they establish cause for the procedural default.[5] The Magistrate Judge prepared a second Report and Recommendation, again recommending that the petition be dismissed with prejudice.[6] Petitioner filed objections to the

---

[1] Rec. Doc. 47.

[2] Rec. Doc. 1.

[3] Rec. Doc. 22.

[4] Rec. Docs. 23, 24.

[5] Rec. Doc. 22.

[6] Rec. Doc. 46.

second Report and Recommendation.[7] After reviewing the petition, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation, and dismiss this action with prejudice.

## I. Background

### A.    *Factual Background*

On January 15, 2010, Petitioner was charged by felony Bill of Information in the 24th Judicial District Court for the Parish of Jefferson with two counts of home invasion.[8] On September 14, 2010, the State amended the Bill of Information, charging Petitioner with two counts of unauthorized entry into an inhabited dwelling.[9] This case arises out of Petitioner's romantic relationship with Anastasia Rey ("Rey").[10] Rey rented a duplex at 546 Orion in Jefferson Parish with another person William James ("James").[11] Petitioner stayed at the duplex overnight, but never moved in to the residence.[12] After Rey ended the relationship, she asked Petitioner to leave the residence.[13] These charges arise out of Petitioner's failure to leave the residence and his re-entry into the residence without authorization.[14]

---

[7] Rec. Doc. 47.

[8] State Rec., Vol. I of VI, Bill of Information, Jan. 15, 2010.

[9] State Rec., Vol. I of VI, Amendment to Bill of Information, Sept 14, 2010.

[10] *State v. Besse*, 2011-KA-230, (La. App. 5 Cir. 12/28/11); 83 So. 3d 257, 260.

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

On September 14, 2010, following a jury trial, Petitioner was found guilty of one count of criminal trespass and one count of unauthorized entry into an inhabited dwelling.[15] On September 23, 2010, the state trial court sentenced Petitioner to serve 30 days in parish prison for the criminal trespass conviction and six years imprisonment at hard labor for the unauthorized entry into an inhabited dwelling conviction.[16] On November 10, 2010, the trial court found Petitioner to be a multiple felony offender and resentenced him to 30 years imprisonment at hard labor for the unauthorized entry into an inhabited dwelling conviction.[17]

Petitioner appealed his conviction and sentence to the Louisiana Fifth Circuit Court of Appeal, raising four errors: (1) the trial court erred in adjudicating Petitioner as a multiple offender; (2) the trial court imposed an excessive sentence; (3) the evidence was insufficient to support the conviction for unauthorized entry into an inhabited dwelling; and (4) Petitioner was prejudiced by the introduction of evidence of other crimes.[18] On December 28, 2011, the Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's conviction, but vacated the multiple offender adjudication and sentence because the evidence was insufficient to support the multiple offender adjudication.[19] On May 25, 2012, the Louisiana Supreme Court denied Petitioner's related writ application without stated reasons.[20]

---

[15] State Rec., Vol. I of VI, Jury Verdict, Sept. 14, 2010.

[16] State Rec., Vol. I of VI, Sentencing Minutes, Sept. 23, 2010.

[17] State Rec., Vol. I of VI, Multiple Bill Hearing Minute Entry, Nov. 10, 2010.

[18] State Rec., Vol. III of VI, Appellate Brief, Mar. 28, 2011; State Rec., Vol. III of VI, Pro Se Brief, May 3, 2011.

[19] *State v. Besse*, 2011-KA-230, (La. App. 5 Cir. 12/28/11); 83 So. 3d 257.

[20] *State v. Besse*, 2012-KO-292 (La. 5/25/12); 90 So. 3d 409.

On remand from the Louisiana Fifth Circuit, the State re-filed a multiple offender bill against Petitioner, and he pled not guilty. [21] On May 24, 2012, the state trial court again adjudicated Petitioner to be a multiple felony offender and resentenced him to 30 years imprisonment at hard labor for the unauthorized entry into an inhabited dwelling conviction.[22] Petitioner filed an appeal from the multiple offender adjudication, but the matter was voluntarily dismissed by order of the Louisiana Fifth Circuit on January 31, 2013.[23] Petitioner's convictions and sentences became final 30 days later, on March 4, 2013, when he did not seek review by the Louisiana Supreme Court.[24]

On December 29, 2013, Petitioner filed an application for post-conviction relief with the state trial court, raising the following grounds for relief: (1) ineffective assistance of counsel; (2) his counsel had a conflict of interest because he was friends with the victim's uncle; (3) the charge and conviction were unlawfully obtained based on the victim's conflicting statements; (4) prosecutorial misconduct during a Rule 404(B) introduction of *res gestae* evidence that Petitioner beat William James when there were no witnesses to support the statement; (5) the trial court erred in denying Petitioner's request for a continuance to resolve his psychiatric problems; and (6) the sentence imposed was excessive because the trial court failed to consider mitigating circumstances before sentencing.[25] The trial court denied the application on May 12, 2014.[26] The trial court found that claims one and two were meritless.[27] It also determined that claims two, three, and five were

---

[21] State Rec., Vol. I of VI, Multiple Offender Bill, Jan. 6, 2012.

[22] State Rec., Vol. I of VI, Multiple Bill Hearing Minute Entry, May 24, 2012.

[23] State Rec., Vol. IV of VI, 12-KA-0779, Jan. 31, 2013.

[24] *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2003).

[25] State Rec., Vol. I of VI, Application for Post-Conviction Relief, Jan. 6, 2014 (dated Dec. 29, 2013).

[26] State Rec., Vol. I of VI, Trial Court Order, May 12, 2014.

[27] *Id.*

procedurally barred under Louisiana Code of Criminal Procedure article 930.4 because the claims could have been and were not raised on direct appeal.[28] The trial court found that claim four was procedurally barred under Louisiana Code of Criminal Procedure article 930.4(C) because the other crimes issue was fully litigated on appeal.[29] Finally, the state trial court determined that claim six was a sentencing issue not cognizable on post-conviction review under Louisiana Code of Criminal Procedure article 930.3.[30]

On August 19, 2014, the Louisiana Fifth Circuit denied Petitioner's related writ application, finding no error in the state trial court's denial of relief based on the same reasons relied upon by the state trial court.[31] Petitioner did not seek review of this ruling before the Louisiana Supreme Court.

On August 25, 2014, Petitioner filed a second application for post-conviction relief, in which he sought to re-urge and "bolster" his claim of ineffective assistance of trial counsel.[32] The state trial court denied the application on September 16, 2014, finding that the application sought untimely post-conviction review under Louisiana Code of Criminal Procedure article 930.8 and was successive.[33] Petitioner submitted an addendum to the petition on September 21, 2014, asserting another claim that his counsel was ineffective.[34] The state trial court declined to address

---

[28] *Id.*

[29] *Id.*

[30] *Id.*

[31] *State v. Besse*, 2014-KH-414 (La. App. 5 Cir. 8/19/14); State Rec., Vol. II of VI.

[32] State Rec., Vol. II of VI, Application for Post-Conviction Relief, Sept. 2, 2014 (dated Aug. 25, 2014).

[33] State Rec., Vol. II of VI, Trial Court Order, Sept. 30, 2014.

[34] State Rec., Vol. II of VI, Addendum to Application for Post-Conviction Relief, Sept. 24, 2014 (dated Sept. 21, 2014).

the merits of the claim, finding that it was untimely under Louisiana Code of Criminal Procedure article 930.8.[35]

On November 4, 2014, the Louisiana Fifth Circuit denied Petitioner's related writ application finding no error in the trial court's September 16 and 21, 2014 orders.[36] Petitioner then submitted two writ applications to the Louisiana Supreme Court.[37] While these writ applications were pending, Petitioner filed numerous motions in the state trial court and supervisory writs before the Louisiana Fifth Circuit.[38] On February 26, 2016, the Louisiana Supreme Court denied Petitioner's writ application finding that while the second application for post-conviction relief

---

[35] State Rec., Vol. II of VI, Trial Court Order, Sept. 30, 2014.

[36] *State v. Besse*, 2014-KH-776 (La. App. 5 Cir. 11/4/14); State Rec., Vol. V of VI.

[37] State Rec., Vol. V of VI, Writ Application Case No. 2014-KH-2636, Dec. 17, 2014; State Rec., Vol. V of VI, Writ Application Case No. 2015-KH-20, Jan. 6, 2015.

[38] Specifically, on December 3, 2014, Petitioner submitted to the trial court a motion to vacate the mandatory minimum habitual offender sentence and a motion to correct his sentence on other grounds. State Rec., Vol. II of VI, Motion to Correct, Dec. 8, 2014; State Rec., Vol. II of VI, Motion to Vacate, Dec. 9, 2014. The state trial court denied both motions as meritless by separate orders issued on January 5, 2015. State Rec., Vol. II of VI, Order, Jan. 5, 2015; State Rec., Vol. II of VI, Order, Jan. 5, 2015. Petitioner also submitted a motion for a new trial in the state trial court on December 23, 2014, based on his alleged discovery of a lease agreement. State Rec., Vol. II of VI, Motion for New Trial, Dec. 23, 2014. The state trial court denied the motion for a new trial on January 14, 2015. State Rec., Vol. II of VI, Order, Jan. 14, 2015. Almost eight months later, on August 3, 2015, he filed another motion for new trial asserting numerous grounds for relief. State Rec., Vol. II of VI, Motion for New Trial, Aug. 3, 2015. On August 20, 2015, the state trial court denied the motion. State Rec., Vol. II of VI, Order, Aug. 20, 2015. Petitioner sought review before the Louisiana Fifth Circuit, and on December 4, 2015, the Louisiana Fifth Circuit denied Petitioner's request for relief. *State v. Besse*, 2015-KH-579 (La. App. 5 Cir. 12/4/15); State Rec., Vol. II of VI. On September 18, 2015, Petitioner also submitted a writ application directly to the Louisiana Fifth Circuit, which that court denied on October 21, 2015, because Petitioner had not first asserted the issues and sought relief in the state trial court. State Rec., Vol. V of VI, Writ Application Case No. 2015-KH-579, Dec. 18, 2015. *State v. Besse*, 2015- KH-579 (La. App. 5 Cir. 10/21/15); State Rec., Vol. II of VI.

On October 23, 2015, Petitioner submitted to the state trial court motions to correct his sentence and quash the bill of information. State Rec., Vol. II of VI, Motion to Correct, Oct. 28, 2015; State Rec., Vol. II of VI, Motion to Quash, Oct. 28, 2015. On November 17, 2015, the state trial court denied the motion to correct as meritless and the motion to quash as untimely. State Rec., Vol. II of VI, Order, Nov. 17, 2015; State Rec., Vol. II of VI, Order, Nov. 17, 2015. The Louisiana Fifth Circuit denied Petitioner's related writ application on February 22, 2016, finding that his motions were untimely and sought relief from the multiple offender adjudication that was not cognizable on post-conviction review under Louisiana Code of Criminal Procedure article 930.3. *State v. Besse*, 2015-KH-779 (La. App. 5 Cir. 2/22/16); State Rec., Vol. II of VI. On March 8, 2016, the Louisiana Fifth Circuit also denied as repetitive another of Petitioner's writ applications in which he sought to have his second multiple offender adjudication vacated. *State v. Besse*, 2015-KH-782 (La. App. 5 Cir. 3/8/16); State Rec., Vol. II of VI.

was not untimely under Louisiana Code of Criminal Procedure article 930.8, it was repetitive under Louisiana Code of Criminal Procedure article 930.4.[39] In response to the Louisiana Supreme Court's mandate, on March 8, 2016, the state trial court entered a ruling denying Petitioner's second application for post-conviction relief as repetitive.[40] On March 14, 2016, the Louisiana Supreme Court declined to consider Petitioner's second writ application, finding that it was untimely under Louisiana Supreme Court Rule X § 5.[41]

On March 8, 2016, Petitioner filed an application for writ of habeas corpus and motion for a temporary restraining order in the state trial court. On March 14, 2016, the state trial court construed the motions as applications for post-conviction relief and denied them for seeking untimely post-conviction relief under Louisiana Code of Criminal Procedure article 930.8.[42] Petitioner did not seek review of this ruling.

Petitioner filed this federal habeas petition on April 11, 2016, arguing that he received ineffective assistance of counsel because his trial counsel failed to: (1) file pretrial discovery; (2) file a motion to suppress the prejudicial photographs or any other pretrial motion to suppress; (3) file a motion in limine regarding admissibility of prejudicial photographs; (4) file a motion to quash repetitive subpoenas by the State; (5) file a motion for preliminary hearing; (6) inform the court of his conflict of interest; (7) file a motion for a sanity hearing before trial; (8) assist Petitioner with compulsory process by subpoenaing witnesses; (9) prepare a defense; (10) object to the State's misrepresentation of plea negotiations; (11) object to the State's constructive amendment

---

[39] *State ex rel. Besse v. State*, 2015-KH-2636 (La. 2/26/16); 184 So.3d 1272.

[40] State Rec., Vol. II of VI, Minute Entry, Mar. 8, 2016.

[41] *State ex rel. Besse v. State*, 2015-KH-0050 (La. 3/14/16); 186 So.3d 648.

[42] State Rec., Vol. II of VI, Order, Mar. 14, 2016.

to the bill of information; (12) object to the prosecutor's improper opening statements; (13) object to the jury being allowed to review the photographic evidence during deliberations; (14) object to the photographic evidence on the grounds of hearsay in violation of the Confrontation Clause; (15) research the case because of his travel to Arkansas; (16) move for a *Prieur* hearing before the photographs were admitted; (17) file for a bill of particulars; (18) file an omnibus motion; and (19) make opening statements or closing arguments.[43] Petitioner also argues that the state trial court denied his three post-conviction motions in violation of due process.[44] In response, the State contends that Petitioner failed to exhaust state court review of two claims and that the remaining claims are procedurally barred from federal habeas review.[45]

On December 8, 2016, the Magistrate Judge issued a Report and Recommendation, recommending that Petitioner's claims be dismissed and that the petition be dismissed with prejudice as procedurally barred.[46] The Magistrate Judge noted that the Louisiana Supreme Court relied on Louisiana Code of Criminal Procedure article 930.4 to find that the claims were barred from review because they were repetitive and successive.[47] The Magistrate Judge determined that Articles 930.4(D) and (E) were independent state procedural rules that prevented review of the merits of Petitioner's claims.[48] Moreover, the Magistrate Judge determined that Petitioner had not

---

[43] Rec. Doc. 1.

[44] *Id.*

[45] Rec. Doc. 20.

[46] Rec. Doc. 22.

[47] *Id.* at 22–23, 25.

[48] *Id.* at 25.

established cause for his default and prejudice attributed thereto or that the failure to review the defaulted claim would result in a fundamental miscarriage of justice.[49]

Petitioner objected to the Magistrate Judge's Report and Recommendation.[50] On July 7, 2017, this Court issued an Order sustaining Petitioner's objection.[51] The Court found that Louisiana Code of Criminal Procedure article 930.4 was an independent and adequate state procedural rule.[52] Therefore, the Court determined that "federal *habeas* review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."[53] The Court noted that under the Supreme Court's decision in *Martinez v. Ryan*, because Petitioner did not have counsel during his initial collateral-review proceeding in the state trial court, he may be able to establish cause for the procedural default on his ineffective assistance of trial counsel claims if he can show that these claims are "substantial."[54] Because the Magistrate Judge did not address this issue, the Court referred this matter back to the Magistrate Judge to prepare another Report and Recommendation on whether Petitioner's ineffective assistance of counsel claims are substantial such that they establish cause for Petitioner's procedural default.[55]

---

[49] *Id.* at 27.

[50] Rec. Docs. 23, 24.

[51] Rec. Doc. 26.

[52] *Id.* at 16 (citing *Ardison v. Cain*, 264 F.3d 1140, 2001 WL 822445, at *4–5 (5th Cir. 2001)).

[53] *Id.* (citing *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999)).

[54] *Id.* at 18 (citing *Martinez v. Ryan*, 566 U.S. 1, 14 (2012)).

[55] *Id.* at 18–19.

On November 20, 2017, the State filed another response to the petition, addressing the merits of Petitioner's ineffective assistance of counsel claims and re-urging its procedural default defense.[56] Petitioner filed a reply brief to the State's response.[57]

## B.     *The Second Report and Recommendation Findings*

On June 28, 2018, the Magistrate Judge issued a second Report and Recommendation, once again recommending that the petition be dismissed with prejudice.[58] After reviewing each of Petitioner's 19 ineffective assistance of counsel claims, the Magistrate Judge found that Petitioner had provided no basis to question Petitioner's counsel's performance before or during trial or that undermined the deference due to his counsel's trial decisions.[59] Therefore, the Magistrate Judge determined that Petitioner's ineffective assistance of counsel claims are meritless under *Strickland v. Washington*.[60] Accordingly, the Magistrate Judge concluded that Petitioner's claims are insubstantial and do not excuse his procedural default of the claims.[61]

First, the Magistrate Judge addressed Petitioner's claim that his trial counsel failed to advise the trial court of a conflict of interest, specifically that his counsel was friends with another attorney who was the uncle of the victim.[62] The Magistrate Judge found that Petitioner failed to identify any act adverse to the defense by his counsel related to the tenuous and tangential

---

[56] Rec. Doc. 43.

[57] Rec. Doc. 45.

[58] Rec. Doc. 46.

[59] *Id.* at 27.

[60] *Id.* (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

[61] *Id.*

[62] *Id.* at 28.

relationship, if any, between his counsel, the other attorney and the victim.[63] Therefore, the Magistrate Judge determined that Petitioner had not established that his trial counsel's performance "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having a just result."[64] Accordingly, the Magistrate Judge concluded that this claim is not substantial and does not satisfy *Martinez*.[65]

Second, the Magistrate Judge addressed Petitioner's claims that his trial counsel was ineffective in failing to request pretrial discovery, file pretrial motions, subpoena witnesses and adequately prepare for trial.[66] The Magistrate Judge found that a review of the record showed that Petitioner's trial counsel had reviewed the open file discovery provided by the prosecutor.[67] Furthermore, the Magistrate Judge found that Petitioner's trial counsel was not ineffective in failing to file discovery motions because the prosecutor provided open file discovery.[68] Similarly, the Magistrate Judge found that it was unnecessary for trial counsel to file a motion for a bill of particulars because providing open file discovery relieves the prosecution from answering a request for a bill of particulars.[69] Additionally, the Magistrate Judge found that Petitioner cannot prevail on his claim that his trial counsel failed to investigate the case because he provided no evidence demonstrating that his counsel did not investigate.[70] Similarly, the Magistrate Judge

---

[63] *Id.* at 29.

[64] *Id.* at 31 (quoting *Strickland*, 466 U.S. at 686).

[65] *Id.*

[66] *Id.*

[67] *Id.* at 31–32.

[68] *Id.* at 32 (citing *Strickler v. Green*, 527 U.S. 263, 283 n.23 (1999); *Smith v. Maggio*, 696 F.2d 365, 367 (5th Cir. 1983)).

[69] *Id.* at 34 (citing *State v. Noil*, 807 So. 2d 295, 309 (La. App. 5 Cir. 2001)).

[70] *Id.* at 35.

found that Petitioner cannot prevail on his claim that his trial counsel failed to subpoena witnesses because he did not present any evidence that the witnesses were available and willing to testify in a manner beneficial to the defense.[71] Furthermore, the Magistrate Judge found that Petitioner was not entitled to relief on his claim that his trial counsel traveled to his home in Arkansas on the weekends, resulting in counsel's alleged lack of preparation, because Petitioner offered no proof that these circumstances affected counsel's representation of Petitioner.[72] Therefore, the Magistrate Judge concluded that Petitioner had not established that his counsel's performance was deficient or any prejudice to the defense, and the claims were not substantial under *Martinez*.[73]

Third, the Magistrate Judge addressed Petitioner's claim that his counsel was ineffective in failing to enforce his request for a preliminary hearing.[74] The Magistrate Judge noted that the state record reflected that Petitioner's counsel filed a motion for a preliminary hearing, which was set for January 19, 2010.[75] However, Petitioner was charged by Bill of Information on January 15, 2010, and arraigned on January 19, 2010.[76] At that time, the preliminary hearing was continued without date and was not reset.[77] The Magistrate Judge reasoned that Petitioner's counsel presumably waived his request for a preliminary hearing when the prosecution provided him with open file discovery, which would have apprised counsel of the nature of the evidence against

---

[71] *Id.* at 39.

[72] *Id.* at 41.

[73] *Id.* at 42.

[74] *Id.*

[75] *Id.* at 43.

[76] *Id.*

[77] *Id.*

Petitioner.[78] Furthermore, the Magistrate Judge found no prejudice caused by counsel's decision to forgo a preliminary hearing, as Petitioner did not identify any information or evidence that might have been discovered during a preliminary hearing that was not included in the open file discovery.[79] Accordingly, the Magistrate Judge concluded that this claim is not substantial and does not satisfy *Martinez*.[80]

Fourth, the Magistrate Judge addressed Petitioner's claim that his counsel was ineffective for failing to move to quash the prosecution's subpoenas of the victim.[81] The Magistrate Judge noted that Petitioner provided no factual or legal basis upon which counsel could have moved to quash the subpoenas, and counsel was not ineffective for failing to pursue a motion he likely determined to be meritless.[82] Therefore, the Magistrate Judge concluded that Petitioner had not established that his counsel's performance was deficient or any prejudice to the defense, and the claim was not substantial under *Martinez*.[83]

Fifth, the Magistrate Judge addressed Petitioner's claim that his counsel was ineffective for failing to file a timely motion for a sanity hearing based on Petitioner's mental health conditions.[84] The Magistrate Judge noted that the state record reflected that after Petitioner informed his counsel that he did not wish to accept the plea offer defense counsel moved to appoint

---

[78] *Id.* at 44.

[79] *Id.*

[80] *Id.* at 45.

[81] *Id.*

[82] *Id.* at 46.

[83] *Id.* at 47.

[84] *Id.*

a sanity commission.[85] The Magistrate Judge further noted that a hearing was held, and Petitioner testified that he was diagnosed with schizophrenia, brain damage, and memory issues.[86] Petitioner admitted that he had not told his counsel about his conditions until a few days earlier.[87] The trial court found that Petitioner's claim was an "attempt to disrupt the judicial system," and that Petitioner had the mental capacity to proceed to trial.[88] While Petitioner claimed that his counsel should have obtained medical records to present at the hearing, the Magistrate Judge noted that Petitioner proffered no evidence that he was actually incompetent to stand trial or that his counsel had any reason to believe that medical records were needed for the hearing.[89] Furthermore, the Magistrate Judge found no merit to Petitioner's claim that his counsel should have argued that he was competent at the time of the offense, because Petitioner did not provide any evidentiary support for his assertion that his sanity should have been questioned.[90] Therefore, the Magistrate Judge concluded that Petitioner failed to establish deficient performance or prejudice resulting from counsel's actions with regard to the request for appointment of a sanity commission or his failure to pursue an insanity defense, and this claim was not substantial to excuse Petitioner's procedural default.[91]

Sixth, the Magistrate Judge addressed Petitioner's claim that his counsel was ineffective in failing to object to the prosecution's alleged misrepresentation of plea negotiations and in failing

---

[85] *Id.* at 48.

[86] *Id.* at 49.

[87] *Id.*

[88] *Id.*

[89] *Id.* at 50.

[90] *Id.* at 51–54.

[91] *Id.* at 54.

to challenge an amendment to the bill of information made on the day of trial.[92] The Magistrate Judge found that under Louisiana law a prosecutor can amend the charges at any time before trial commences, and the amendment clearly stated that Petitioner committed an unauthorized entry of a dwelling inhabited by the victim, Anastasia Rey.[93] Therefore, the Magistrate Judge found that a challenge to the amendment would have been futile.[94] Furthermore, the Magistrate Judge determined that Petitioner had not shown vindictiveness on the part of the prosecutor for amending the bill of information, as the amendment charged a lesser offense.[95] Additionally, the Magistrate Judge noted that the amendment did not include information for which defense counsel did not have an opportunity to prepare, and so it was unnecessary for counsel to move for a continuance based on the amendment.[96] Accordingly, the Magistrate Judge concluded that Petitioner had not established that his counsel's performance was deficient or any prejudice to the defense, and the claims were not substantial under *Martinez*.[97]

Seventh, the Magistrate Judge addressed Petitioner's claims that his counsel should have filed a motion to suppress prejudicial photographs depicting one of the victim's injuries and any other motions to suppress, filed a motion in limine to prohibit the introduction of the photographs, filed a motion for a *Prieur* hearing to determine admissibility of other misconduct, objected to photographs on hearsay grounds, and objected to the prosecutor's opening statement.[98] The

---

[92] *Id.* at 55.

[93] *Id.* at 56–58.

[94] *Id.* at 57–58.

[95] *Id.* at 58–59.

[96] *Id.* at 60.

[97] *Id.*

[98] *Id.*

Magistrate Judge noted that Petitioner's counsel did object to admission of the evidence regarding Petitioner's attack of the victim, and the fact that the objections were not successful does not amount to ineffective assistance of counsel.[99] Considering that the appellate courts affirmed the admission of this evidence, the Magistrate Judge determined that Petitioner had not shown a reasonable probability that the outcome of the proceedings would have been different if counsel filed a motion to suppress, a motion in limine, or a motion for a *Prieur* hearing.[100] Furthermore, the Magistrate Judge noted the photographs of the injuries were not hearsay and were properly authenticated at trial.[101] Additionally, the Magistrate Judge found that Petitioner's argument that his counsel should have objected to the prosecutor's opening statement was without merit because the prosecutor had merely explained what he believed the evidence would show, and the jury was instructed that the opening statement was not evidence.[102] Accordingly, the Magistrate Judge concluded that Petitioner had not established that his counsel's performance was deficient or any prejudice to the defense, and the claims were not substantial under *Martinez*.[103]

Eighth, the Magistrate Judge addressed Petitioner's argument that his trial counsel failed to formulate a defense.[104] The Magistrate Judge noted that trial counsel did present the defense Petitioner urged; *i.e.*, that Petitioner was innocent because he lived at the residence and was never asked to leave.[105] Accordingly, the Magistrate Judge concluded that Petitioner had not established

---

[99] *Id.* at 63.

[100] *Id.* at 64.

[101] *Id.*

[102] *Id.* at 66.

[103] *Id.* at 67.

[104] *Id.* at 67.

[105] *Id.*

that his counsel's performance was deficient or any prejudice to the defense, and the claim was not substantial under *Martinez*.[106]

Ninth, the Magistrate Judge found no merit to Petitioner's argument that his counsel was ineffective in failing to make an opening statement and a closing argument, as these decisions fall within the realm of trial strategy.[107] Accordingly, the Magistrate Judge concluded that Petitioner had not established that his counsel's performance was deficient or any prejudice to the defense, and the claims were not substantial under *Martinez*.[108]

Finally, the Magistrate Judge addressed Petitioner's claim that his counsel was ineffective when he failed to object to photographs being taken into the jury room during deliberations.[109] The Magistrate Judge noted that Louisiana law authorizes a trial court to allow the jury to view evidence that is admitted at trial during deliberations.[110] Therefore, the Magistrate Judge found that this claim was not substantial because it was without merit.[111] Accordingly, because Petitioner had not raised any substantial ineffective assistance claims, the Magistrate Judge recommended that the petition be dismissed with prejudice as procedurally barred.[112]

---

[106] *Id.* at 68.

[107] *Id.* at 69–70.

[108] *Id.* at 72.

[109] *Id.*

[110] *Id.* at 73.

[111] *Id.*

[112] *Id.* at 74.

## II. Objections

### A.   *Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[113] Petitioner "contends that any alleged claims which are insubstantial that do not have any merit or is wholly without factual support, was beyond his control, but, was in the hands of trial court at the onset of his post-conviction ineffective assistance of counsel proceedings."[114] Furthermore, Petitioner argues that the Magistrate Judge failed to consider the cumulative effect of his lawyer's errors.[115]

First, Petitioner objects to the Magistrate Judge's determination that his claims regarding trial counsel's failure to request pretrial discovery, file motions, subpoena witnesses or prepare for trial are not substantial.[116] Petitioner argues that his trial counsel's review of the State's open file discovery was not enough preparation because the file was extensive and contained over 500 pages.[117] Petitioner contends that counsel's failure to prepare is apparent considering that he did not prepare a defense to the introduction of the Rule 404(B) evidence introduced at trial regarding Petitioner's alleged assault of one of the victims.[118] Furthermore, Petitioner argues that his counsel performed ineffectively by failing to file a motion for a bill of particulars, because a bill of particulars would have disclosed that the prosecutor intended to introduce the Rule 404(b) evidence.[119]

---

[113] Rec. Doc. 47.

[114] *Id.* at 2.

[115] *Id.*

[116] *Id.* at 3.

[117] *Id.*

[118] *Id.*

[119] *Id.* at 7.

Petitioner again argues that his trial counsel failed to investigate and failed to prepare for trial.[120] Petitioner contends that his counsel should have obtained a copy of the lease, which he asserts could have been used to impeach the testimony of the victim, Rey.[121] Petitioner asserts that he cannot obtain this document on his own to provide factual support for this claim and needs the assistance of an attorney or investigator.[122] Petitioner argues that investigation would have revealed that only James had the authority to grant permission to enter the residence, and that Rey did not have such authority.[123]

Petitioner also contends that his trial counsel erred in failing to call witnesses.[124] Petitioner argues that he cannot obtain affidavits to show that witnesses were available and willing to testify at trial because he is a pauper, does not have any outside support, and phone numbers of the witnesses were in his cellphone and were destroyed when he went to prison.[125] According to Petitioner, these witnesses include a relative of Rey, Petitioner's son, three neighbors, and Petitioner's boss.[126] According to Petitioner, all of these individuals would have testified that Petitioner lived at the apartment.[127] Petitioner contends that each of these witnesses would have been credible and undercut the testimony of the prosecution's witnesses.[128]

---

[120] *Id.* at 6, 8.

[121] *Id.* at 8.

[122] *Id.* at 8–9.

[123] *Id.* at 10.

[124] *Id.* at 13–15.

[125] *Id.* at 15.

[126] *Id.*

[127] *Id.*

[128] *Id.* at 16.

Second, Petitioner objects to the Magistrate Judge's determinations regarding waiver of the preliminary hearing.[129] Petitioner asserts that at a preliminary hearing his counsel could have asked about the lease agreement and questioned the State's witnesses.[130]

Third, Petitioner contends that his counsel was ineffective in failing to move to quash the subpoena of Rey.[131] If the motion would have been granted, Petitioner asserts that the prosecution would not have been able to proceed with the case.[132] Alternatively, if the motion would have been denied, Petitioner argues that his counsel would have been able to prepare a defense.[133]

Fourth, Petitioner asserts that his counsel was ineffective in failing to request a sanity hearing, because counsel was aware of Petitioner's mental health issues before trial.[134]

Fifth, Petitioner argues that he was not aware the prosecution would move to amend the bill of information if he decided to reject the plea agreement and go to trial.[135] Petitioner contends that his counsel should have objected to the amendment and requested a continuance of trial.[136] Furthermore, Petitioner asserts that the bill of information was deficient because it did not name the home owner, who he alleges could have established that he had authorization to enter the leased premises.[137]

---

[129] *Id.* at 17–18.

[130] *Id.* at 18.

[131] *Id.* at 19.

[132] *Id.*

[133] *Id.* at 19–20.

[134] *Id.* at 20.

[135] *Id.* at 23–24.

[136] *Id.* at 24.

[137] *Id.* at 25.

Sixth, Petitioner objects to the Magistrate Judge's determination that he is not entitled to relief on his claims that counsel was ineffective in failing to file a motion to suppress, file a motion in limine, object to the opening statement of the prosecutor, object to admission of the photographs, and request a *Prieur* hearing.[138] Petitioner contends that these issues should have been resolved before trial to avoid the jury overhearing prejudicial information during bench conferences.[139]

Seventh, Petitioner also asserts that his counsel did not prepare a defense.[140] Petitioner contends that his counsel should not have relied on Petitioner's testimony to establish the defense because Petitioner had an extensive arrest record that was exposed on cross-examination.[141]

Finally, Petitioner argues that his trial counsel was ineffective for failing to make opening statements and closing arguments, and in failing to object to the jury viewing photographs during deliberations.[142]

**B.    *State's Opposition***

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filings.

### III. Standard of Review

**A.    *Review of the Magistrate Judge's Report and Recommendation***

In accordance with Local Rule 73.2, this case was referred to a magistrate judge to provide a Report and Recommendation. A district judge "may accept, reject, or modify the recommended

---

[138] *Id.*

[139] *Id.* at 26.

[140] *Id.* at 29.

[141] *Id.* at 30.

[142] *Id.* at 31.

disposition" of a magistrate judge on a dispositive matter.[143] A district judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[144] A district court's review is limited to plain error for parts of the report which are not properly objected to.[145]

## B.    *Standard of Review Under the AEDPA*

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions was revised "to ensure that state-court convictions are given effect to the extent possible under law."[146] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[147] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[148]

Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:

A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from

---

[143] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[144] Fed. R. Civ. P. 72(b)(3).

[145] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

[146] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[147] 28 U.S.C. § 2254(d)(2).

[148] 28 U.S.C. § 2254(d)(1).

Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[149]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[150] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[151] However, the AEDPA's deferential standards of review apply only to claims adjudicated on the merits by the state courts.[152] Instead, claims that were not adjudicated on the merits by the state courts are reviewed "*de novo* without applying AEDPA-mandated deference."[153]

## C.  *Legal Standard on Effective Assistance of Counsel*

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[154] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[155] To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct

---

[149] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[150] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[151] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

[152] *Henderson v. Cockrell*, 333 F.3d 592, 597 (5th Cir. 2003).

[153] *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009) (citing *Henderson*, 333 F.3d at 597).

[154] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[155] *Id.* at 697.

falls within a wide range of reasonable representation.[156] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[157] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[158] To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[159] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[160]

In considering Petitioner's claims on federal habeas corpus review that are repetitive of claims already made to a state court, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable— a substantially higher threshold."[161] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[162] Thus, this standard is considered "doubly deferential" on habeas corpus review.[163]

---

[156] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[157] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[158] *See Strickland*, 466 U.S. at 689.

[159] *Id*. at 694.

[160] *Id*.

[161] *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)).

[162] *Id*.

[163] *Id*.

## IV. Law and Analysis

As the Court discussed in its prior Order,[164] the Louisiana Supreme Court did not review the merits of Petitioner's claims, finding that the claims were barred pursuant to Louisiana Code of Criminal Procedure article 930.4. A habeas corpus claim may not be reviewed in federal court "if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision."[165] Louisiana Code of Criminal Procedure article 930.4 is an independent and adequate state procedural rule.[166] Therefore, "federal *habeas* review is barred unless the petitioner demonstrates either cause and prejudice or that a failure to address the claim will result in a fundamental miscarriage of justice."[167] Under the Supreme Court's decision in *Martinez v. Ryan*, because Petitioner did not have counsel during his initial collateral-review proceeding in the state trial court he may be able to establish cause for the procedural default on his ineffective assistance of trial counsel claims if he can show that these claims are "substantial."[168]

Petitioner raises 19 ineffective assistance of counsel claims.[169] The Magistrate Judge grouped Petitioner's claims into the following ten categories and addressed the claims accordingly: (1) whether counsel was ineffective for failing to advise the trial court of a conflict of interest; (2) whether trial counsel was ineffective in failing to request pretrial discovery, file pretrial motions, subpoena witnesses and adequately prepare for trial; (3) whether counsel was ineffective in failing

---

[164] Rec. Doc. 26.

[165] *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001).

[166] *Ardison v. Cain*, 264 F.3d 1140, 2001 WL 822445, at *4–5 (5th Cir. 2001).

[167] *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999).

[168] *Martinez v. Ryan*, 566 U.S. 1, 14 (2012).

[169] Rec. Doc. 1.

to enforce his request for a preliminary hearing; (4) whether counsel was ineffective for failing to move to quash the prosecution's subpoenas of the victim; (5) whether counsel was ineffective for failing to move for a sanity hearing based on Petitioner's mental health conditions; (6) whether counsel was ineffective in failing to object to the prosecution's alleged misrepresentation of plea negotiations and in failing to challenge an amendment to the bill of information made on the day of trial; (7) whether counsel should have filed a motion to suppress prejudicial photographs depicting one of the victim's injuries and any other motions to suppress, a motion in limine to prohibit the introduction of the photographs, a motion for a *Prieur* hearing to determine admissibility of other misconduct, object to photographs on hearsay grounds, and object to the prosecutor's opening statement; (8) whether counsel was ineffective for failing to formulate a defense; (9) whether counsel was ineffective in failing to make an opening statement and a closing argument; (10) whether counsel was ineffective when he failed to object to photographs being taken into the jury room during deliberations.[170] Petitioner does not object to this categorization of the claims. Accordingly, for ease of analysis, this Court will address Petitioner's claim in the same order as they were addressed by the Magistrate Judge.

A.    *Whether Counsel was Ineffective for Failing to Advise the Trial Court of a Conflict of Interest*

Petitioner claims that his counsel performed ineffectively by failing to advise the trial court of a conflict of interest.[171] Specifically, Petitioner argues that his counsel was friends with another attorney who was the uncle of the victim.[172] The Magistrate Judge found that Petitioner failed to identify any act adverse to the defense by his counsel related to the tenuous and tangential

---

[170] Rec. Doc. 46.

[171] Rec. Doc. 1 at 19.

[172] *Id.*

relationship, if any, between his counsel, the other attorney and the victim.[173] Therefore, the Magistrate Judge determined that Petitioner had not established that his trial counsel's performance "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having a just result."[174] Accordingly, the Magistrate Judge concluded that this claim is not substantial and does not satisfy *Martinez*.[175] Petitioner does not raise an objection to this determination.[176] Accordingly, the Court reviews the Magistrate Judge's recommendation for plain error.[177]

"Under the Sixth Amendment, if a defendant has a constitutional right to counsel, he also has a corresponding right to representation that is free from any conflict of interest."[178] In *Cuyler v. Sullivan*, the Supreme Court held that prejudice is presumed when counsel is burdened with an actual conflict of interest "if the defendant demonstrates that counsel 'actively represented conflicting interests' and that 'an actual conflict of interest adversely affected his lawyer's performance.'"[179] In *Beets v. Scott*, the Fifth Circuit determined that the Supreme Court's holding in *Cuyler* is "limited [] to actual conflicts resulting from a lawyer's representation of multiple criminal defendants."[180] The Fifth Circuit explained that "*Strickland* offers a superior framework

---

[173] Rec. Doc. 46 at 29.

[174] *Id.* at 31 (quoting *Strickland*, 466 U.S. at 686).

[175] *Id.*

[176] *See* Rec. Doc. 47.

[177] *See Douglass*, 79 F.3d at 1428–29.

[178] *Morin v. Thaler*, 374 F. App'x 545, 551 (5th Cir. 2010) (quoting *United States v. Vaquero*, 997 F.2d 78, 79 (5th Cir. 1993)).

[179] *Strickland*, 466 U.S. at 692 (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 350, 348 (1980)).

[180] *Hernandez v. Johnson*, 108 F.3d 554, 559 (5th Cir. 1997) (citing *Beets v. Scott*, 65 F.3d 1258, 1266 (5th Cir. 1995) (en banc)).

for addressing attorney conflicts outside the multiple or serial client context."[181] "*Strickland* more appropriately gauges an attorney's conflict of interest that springs not from multiple client representation but from a conflict between the attorney's personal interest and that of his client."[182] When a personal conflict of interest is alleged, the pertinent inquiry is whether Petitioner has demonstrated that his "attorney's performance fell below an objective standard of reasonableness and that it prejudiced the defense, undermining the reliability of the proceeding."[183]

Here, Petitioner alleges a personal conflict existed because his attorney was friends with another attorney who was the uncle of the victim. However, Petitioner has not demonstrated that he was prejudiced by his attorney's conduct or that the alleged conflict compromised the quality of defense counsel's representation. Therefore, Petitioner has not established that counsel's performance "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having a just result."[184] Accordingly, reviewing for plain error and finding none, the Court adopts the Magistrate Judge's finding that Petitioner's claim of ineffective assistance of counsel due to a conflict of interest is insubstantial.

**B.** *Whether Trial Counsel was Ineffective in Failing to Request Pretrial Discovery, File Pretrial Motions, Subpoena Witnesses and Adequately Prepare for Trial*

Petitioner objects to the Magistrate Judge's determination that his claims regarding trial counsel's failure to request pretrial discovery, file motions, subpoena witnesses or prepare for trial are not substantial.[185] Accordingly, the Court reviews these issues *de novo*.

---

[181] *Beets*, 65 F.3d at 1265.

[182] *Id.* at 1260.

[183] *Id.* at 1272–73. The "presumed prejudice standard" does not extend beyond cases involving multiple representation, and thus, is inapplicable in this case. *Id.* at 1265.

[184] *Strickland*, 466 U.S. at 686.

[185] Rec. Doc. 47 at 3.

### 1. Counsel's Alleged Failure to Request Pretrial Discovery

In the petition, Petitioner claimed that his counsel failed to request and review any pretrial discovery, with the exception of a copy of the police report.[186] The Magistrate Judge found that this argument was unsupported by the state court record. Specifically, the state record reveals that the State provided discovery to Petitioner's trial counsel on February 11, 2010.[187] On September 14, 2010, the morning of trial, Petitioner rejected a plea offer and the prosecutor sought reciprocal discovery from the defense.[188] The prosecutor explained that he had provided open file discovery to the defense, and defense counsel advised that he had no discovery to provide to the State.[189]

In the objections to the Report and Recommendation, Petitioner argues that his trial counsel's review of the State's open file discovery was not enough preparation because the file was extensive and contained over 500 pages.[190] This argument is unavailing because the state court record reflects that Petitioner's trial counsel was provided with discovery over seven months before trial began. Petitioner also contends that counsel's failure to prepare is apparent considering that he did not prepare a defense to the introduction of the Rule 404(b) evidence introduced at trial regarding Petitioner's alleged assault of one of the victims.[191] However, this claim is not supported by the record, which reflects that trial counsel did object to the introduction of Rule 404(B)

---

[186] Rec. Doc. 1 at 16.

[187] State Rec., Vol. I of VI, Minute Entry, Feb. 11, 2010.

[188] State Rec., Vol. III of VI, Trial Tr. at 30–31, Sept. 14, 2010.

[189] *Id.*

[190] Rec. Doc. 47 at 3.

[191] *Id.*

evidence several times.[192] Accordingly, Petitioner has not established that his counsel performed ineffectively by failing to review pretrial discovery.

### 2. Counsel's Failure to File Pretrial Motions

The Magistrate Judge found that Petitioner's trial counsel was not ineffective in failing to file discovery motions because the prosecutor provided open file discovery.[193] In the objections to the Report and Recommendation, Petitioner argues that his counsel performed ineffectively by failing to file a motion for a bill of particulars, because a bill of particulars would have disclosed that the prosecutor intended to introduce the Rule 404(b) evidence.[194]

The Fifth Circuit has recognized that defense counsel has "no duty to file pretrial motions, [where] the prosecutor established an open file policy that made the filing of discovery motions or *Brady* requests pointless."[195] To the extent that Petitioner argues that his counsel performed ineffectively by failing to file a motion for a bill of particulars, Petitioner has not demonstrated how such a motion would have aided the defense. Louisiana Code of Criminal Procedure article 484 provides a defendant the opportunity to request more specific information regarding "the nature and cause of the charge." Under Louisiana law, "[o]pen file discovery relieves the State of the necessity of answering a motion for a bill of particulars."[196] Additionally, a motion for a bill of particulars would not necessarily have revealed that the prosecutor intended to introduce Rule 404(b) evidence, and as discussed above, Petitioner's trial counsel did object to the introduction

---

[192] State Rec., Vol. III of VI, Trial Tr. at 7–8, 38, Sept. 14, 2010.

[193] Rec. Doc. 46 at 32.

[194] Rec. Doc. 47 at 7.

[195] *Smith v. Maggio*, 696 F.2d 365, 367 (5th Cir. 1983).

[196] *State v. Noil*, 01-521 (La. App. 5 Cir. 12/26/01), 807 So. 2d 295, 309, *writ denied*, 02-0276 (La. 10/25/02), 827 So. 2d 1177.

of the Rule 404(b) evidence. As the Fifth Circuit has recognized, defense counsel is not required to make futile motions or raise frivolous objection.[197] Accordingly, Petitioner has not established that counsel performed ineffectively by failing to file pretrial motions.

### 3. Counsel's Alleged Failure to Investigate the Case, Call Witnesses, and Prepare for Trial

The Magistrate Judge found that Petitioner cannot prevail on his claim that his trial counsel failed to investigate the case because he provided no evidence demonstrating that his counsel did not investigate.[198] Petitioner objects, arguing that his counsel should have obtained a copy of the lease, which he asserts could have been used to impeach the testimony of the victim, Rey, by demonstrating that she was not a lessee.[199]

"A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."[200] Even assuming that Rey was not a lessee, Petitioner has not demonstrated that such evidence would have altered the verdict. Under Louisiana law, a defendant may be convicted of unauthorized entry of an inhabited dwelling if a "legitimate occupant of the residence advises the defendant to leave the premises and does not consent to his entry.[201] Petitioner does not dispute that Rey lived at the residence. Therefore, Petitioner has not shown that his counsel performed deficiently by failing to obtain a copy of the lease.

---

[197] *Johnson v. Cockrell*, 306 F.3d 249, 255 (5th Cir. 2002).

[198] Rec. Doc. 46 at 35.

[199] Rec. Doc. 47 at 8.

[200] *Druery v. Thaler*, 647 F.3d 535, 541 (5th Cir. 2011) (quoting *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993); *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).

[201] *State v. Rivet*, 01-353 (La. App. 5 Cir. 9/25/01); 798 So. 2d 219, 224–25

Similarly, the Magistrate Judge found that Petitioner cannot prevail on his claim that his trial counsel failed to subpoena witnesses because he did not present any evidence that the witnesses were available and willing to testify in a manner beneficial to the defense.[202] In objection, Petitioner argues that his counsel should have called a relative of Rey, Petitioner's son, three neighbors, and Petitioner's boss.[203] According to Petitioner, all of these individuals would have testified that Petitioner lived at the apartment.[204]

As the Fifth Circuit has recognized, "[c]laims that counsel failed to call witnesses are not favored on federal habeas review because the presentation of witnesses is generally a matter of trial strategy and speculation about what witnesses would have said on the stand is too uncertain."[205] To prevail on such a claim, a petitioner must show prejudice "by naming the witness, demonstrating that the witness was available to testify and would have done so, setting out the content of the witness's proposed testimony, and showing that the testimony would have been favorable to a particular defense."[206]

Here, Petitioner offers only self-serving, speculative, and conclusory allegations that the witnesses were available and willing to testify to a version of events that is consistent with Petitioner's own interpretation of the facts. Therefore, Petitioner has not demonstrated that he is entitled to relief on this claim.

Finally, Petitioner is not entitled to relief on his claim that his trial counsel traveled to his home in Arkansas on the weekends, resulting in counsel's alleged lack of preparation, because

---

[202] Rec. Doc. 46 at 39.

[203] Rec. Doc. 47 at 15.

[204] *Id.*

[205] *Woodfox v. Cain*, 609 F.3d 774, 808 (5th Cir. 2010).

[206] *Id.* (quoting *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009).

Petitioner offered no proof that these circumstances affected counsel's representation of Petitioner. "Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional claim."[207] Therefore, Petitioner has failed to establish any deficiency in performance or prejudice arising from counsel's review of discovery, his investigation of the case, his failure to file pretrial motions and a request for bill of particulars, his preparedness for trial and decisions regarding presentation of witnesses. Accordingly, the Court finds that these claims are not substantial under *Martinez*.

## C. Whether Counsel was Ineffective in Failing to Enforce his Request for a Preliminary Hearing

Petitioner objects to the Magistrate Judge's determination that Petitioner is not entitled to relief on his claim that counsel performed ineffectively by waiving the preliminary hearing.[208] Petitioner asserts that at a preliminary hearing his counsel could have asked about the lease agreement and questioned the State's witnesses.[209] Accordingly, the Court reviews these issues *de novo.*

Pursuant to Louisiana Code of Criminal Procedure article 292, either the State or the defense can move for a preliminary examination. The primary purpose of the preliminary examination is "to ensure that probable cause exists to hold the accused in custody" pending trial.[210] "It is the kind of proceeding which it is anticipated will be utilized soon after arrest in order to afford maximum protection and safeguards to the defendant from improper incarceration and to give counsel an opportunity to protect his client from the possibility of illegal or unconstitutional

---

[207] *Id.*

[208] Rec. Doc. 47 at 17–18.

[209] *Id.* at 18.

[210] *State v. Holmes*, 388 So. 2d 722, 724 (La. 1980).

police procedures."[211] "When the motion is made before the finding of an indictment or the filing of a bill of information, the court is mandated to grant it in felony cases. However, when it is made after the finding of indictment or the filing of an information, the matter is discretionary."[212] When no preliminary examination occurs, "the issue is moot after conviction, at least in the absence of prejudice."[213] Additionally, the Fifth Circuit has held that "there is no federal constitutional right to a preliminary hearing."[214]

In this case, defense counsel filed a motion for a preliminary hearing on December 10, 2009,[215] and the preliminary hearing was set for January 19, 2010.[216] Petitioner was charged by a bill of information on January 15, 2010,[217] and he was arraigned on January 19, 2010.[218] At the time of the arraignment, the preliminary examination was continued without date. The record does not reflect that a preliminary examination ever occurred. Petitioner speculates that at a preliminary hearing, his counsel could have asked about the lease agreement and questioned the State's witnesses. However, the purpose of a preliminary hearing is only to establish that there is probable cause to hold the defendant in custody. The State would not have been required to present all of its evidence and witnesses at the preliminary hearing. Therefore, Petitioner has failed to establish

---

[211] *State v. McCoy*, 247 So. 2d 562, 563 (La. 1971).

[212] *Id.*

[213] *State v. Washington*, 363 So. 2d 509, 510 (La. 1978).

[214] *Harris v. Estelle*, 487 F.2d 1293, 1296 (5th Cir. 1974) (internal citations omitted).

[215] State Rec., Vol. I of VI, Motion for Preliminary Hearing, Dec. 10, 2009.

[216] State Rec., Vol. I of VI, Order, Jan. 6, 2010.

[217] State Rec., Vol. I of VI, Bill of Information, Jan. 15, 2010.

[218] State Rec., Vol. I of VI, Minute Entry, Jan. 19, 2010.

any deficiency in performance or prejudice arising from counsel's waiver of the preliminary hearing. Accordingly, the Court finds that this claim is not substantial under *Martinez*.

**D.      Whether Counsel was Ineffective for Failing to Move to Quash the Prosecution's Subpoenas of the Victim**

Petitioner objects to the Magistrate Judge's finding that Petitioner's counsel did not perform ineffectively by failing to move to quash the subpoenas of Rey.[219] If the motion would have been granted, Petitioner asserts that the prosecution would not have been able to proceed with the case.[220] Alternatively, if the motion would have been denied, Petitioner argues that his counsel would have been able to prepare a defense.[221]

Petitioner provides no factual or legal basis upon which his counsel could have moved to quash the subpoenas. The Fifth Circuit has recognized that defense counsel is not required to make futile motions or raise frivolous objections.[222] Therefore, Petitioner's assertion that his counsel was ineffective for failing to move to quash the subpoenas for Rey is without merit. Accordingly, on *de novo* review, the Court finds that this claim is not substantial under *Martinez*.

**E.      Whether Counsel was Ineffective for Failing to Timely Move for a Sanity Hearing and Failing to Pursue an Insanity Defense at Trial**

Petitioner objects to the Magistrate Judge's recommendation that Petitioner is not entitled to relief on his claim that counsel was ineffective in failing to request a sanity hearing before the morning of trial and in failing to pursue an insanity defense.[223] Accordingly, the Court reviews this issue *de novo*.

---

[219] Rec. Doc. 47 at 19.

[220] *Id.*

[221] *Id.* at 19–20.

[222] *Johnson*, 306 F.3d at 255.

[223] Rec. Doc. 47 at 20.

"The Constitution does not permit trial of an individual who lacks mental competency."[224] "A defendant is competent to stand trial if he has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding [and if] he has a rational as well as factual understanding of the proceedings against him.'"[225] Under Louisiana law, "[t]he court shall order a mental examination of the defendant when it has reasonable ground to doubt the defendant's mental capacity to proceed."[226] Louisiana law provides "mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense."[227]

The state record reflected that after Petitioner informed his counsel that he did not wish to accept the plea offer defense counsel moved to appoint a sanity commission.[228] A hearing was held, and Petitioner testified that he was diagnosed with schizophrenia, brain damage, and memory issues.[229] Petitioner admitted that he had not told his counsel about his conditions until a few days earlier.[230] The trial court found that Petitioner's claim was an "attempt to disrupt the judicial system," and that Petitioner had the mental capacity to proceed to trial.[231]

Petitioner claims that his counsel was aware of his condition and should have obtained medical records to present at the hearing. Petitioner proffers no evidence that he was actually

---

[224] *Indiana v. Edwards*, 554 U.S. 164, 170 (2008).

[225] *Austin v. Davis*, 876 F.3d 757, 777 (5th Cir. 2017) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).

[226] La. Code Crim. P. art. 643.

[227] La. Code Crim. P. art. 641.

[228] State Rec., Vol. III of VI, Trial Tr. at 3–4, 7, Sept. 14, 2010.

[229] *Id.* at 12–14.

[230] *Id.* at 15–16, 25–26.

[231] *Id.* at 28–30.

incompetent to stand trial or that his counsel had any reason to believe that medical records were needed for the hearing. Furthermore, Petitioner has not shown that he did not understand the proceedings against him. Petitioner admits that he assisted his counsel by providing names of potential witnesses and urging counsel to cross-examine witnesses. Therefore, Petitioner has failed to establish any deficient performance or prejudice arising from the timing of his counsel's request for a sanity hearing.

Petitioner also argues that his counsel should have pursued an insanity defense at trial. The Fifth Circuit considered a similar claim in *Johnson v. Cain*.[232] There, the Fifth Circuit found "no evidence in the record that counsel was on notice that Johnson suffered from a physical or psychological condition that would have made the insanity defense viable."[233] The court noted that under Louisiana law "[a] defendant who raises the insanity defense 'must persuade the jury that he had a mental disease or defect which rendered him incapable of distinguishing right from wrong with reference to the conduct which forms the basis for the criminal charge against him.'"[234] The Fifth Circuit determined that the petitioner's confession overwhelmingly established that he was not incapable of distinguishing right from wrong with regard to the murder, because he admitted to positioning the body so that it would not be seen, discarding evidence, and lying to family as to his whereabouts.[235] Therefore, the Fifth Circuit concluded that the petitioner had not established prejudice, because he "failed to show that an investigation by counsel into the mere possibility that

---

[232] 548 F. App'x 260, 261 (5th Cir. 2013).

[233] *Id.*

[234] *Id.* (citing *State v. Allen*, 2011-CA-1995, 2012 WL 2061472, at *6 (La. Ct. App. 2012)).

[235] *Id.* at 261–62.

he suffered from PTSD or TBI would have caused him to forgo the plea offer and insist upon a capital trial."[236]

Petitioner does not provide any evidentiary support for his assertion that his sanity at the time of the offense should have been questioned. Petitioner has not demonstrated that he had a mental disease or defect which rendered him incapable of distinguishing right from wrong. Therefore, Petitioner has not shown a reasonable basis on which his trial counsel might have pursued an insanity defense. Accordingly, Petitioner has not established deficient performance or prejudice resulting from counsel's actions with regard to the request for appointment of a sanity commission or his failure to pursue an insanity defense, and these claims are not substantial to excuse Petitioner's procedural default.

F.     *Whether Counsel was Ineffective in Failing to Object to the Prosecution's Alleged Misrepresentation of Plea negotiations and in Failing to Challenge an Amendment to the Bill of Information Made on the Day of Trial*

Petitioner objects to the Magistrate Judge's finding that Petitioner is not entitled to relief on his claims that his counsel was ineffective in failing to object to the prosecution's alleged misrepresentation of plea negotiations and in failing to challenge an amendment to the bill of information made on the day of trial.[237] Petitioner argues that he was not aware the prosecution would move to amend the bill of information if he decided to reject the plea agreement and go to trial.[238] Petitioner contends that his counsel should have objected to the amendment and requested a continuance of trial.[239] Furthermore, Petitioner asserts that the bill of information was deficient

---

[236] *Id.*

[237] *Id.* at 55.

[238] Rec. Doc. 47 at 23–24.

[239] *Id.* at 24.

because it did not name the home owner, who he alleges could have established that he had authorization to enter the leased premises.[240]

Under Louisiana law, "[t]he prosecutor has the authority under La. C. Cr. P. art. 487 to make substantive amendments to an indictment at any time before the beginning of trial, subject to the defendant's right under La. C. Cr. P. art. 489 to move for a continuance if the amendment led to his prejudice."[241] "The purpose of a continuance is to protect defendant from surprise or prejudice which may result from such amendment."[242] "When the state requests an amendment to the bill of information before the first prospective juror is called, the defendant's remedy is a motion for continuance, not an objection to the amendment."[243] Therefore, Petitioner's argument that counsel should have objected to the amendment is without merit. Furthermore, Petitioner has not demonstrated that a continuance was necessary. The amended bill of information charged Petitioner with the lesser offense of unauthorized entry into an inhabited dwelling, rather than home invasion. At trial, the prosecution also explained that the evidence used at trial remained the same.[244] Accordingly, Petitioner has not demonstrated that his counsel should have moved for a continuance.

Additionally, Petitioner has not shown that the prosecutor's election to amend the bill of information and proceed to trial after Petitioner rejected the plea agreement constituted prosecutorial vindictiveness. "Vindictiveness may be demonstrated where a prosecutor brings

---

[240] *Id.* at 25.

[241] *State v. Williams*, 44,418 (La. App. 4 Cir. 6/24/09); 15 So. 3d 348 (citing *State v. Crochet*, 05–0123 (La.6/23/06); 931 So. 2d 1083.

[242] *Id.* at 353–54 (citing *State v. Cleveland*, 25,628 (La. App. 2 Cir. 1/19/94); 630 So. 2d 1365).

[243] *Id.* at 354 (citing *State v. Ignot*, 29,745 (La. App. 2 Cir. 8/24/97); 701 So. 2d 1001).

[244] State Rec., Vol. III of VI, Trial Tr. at 33, Sept. 14, 2010.

additional charges against a defendant to punish the defendant for his exercise of procedural rights."[245] Conversely, the Fifth Circuit has found that a prosecutor is not vindictive for bringing less severe charges.[246] Accordingly, Petitioner has not shown that any basis existed for defense counsel to claim vindictive prosecution.

Petitioner also contends that the amended bill of information was defective because it did not state the name of the owner of the property. Louisiana Code of Criminal Procedure article 471 provides that "[o]wnership, or the name of the owner of property, need not be alleged in the indictment, unless such ownership or name of the owner is essential to the offense." "The elements of the crime of unauthorized entry of an inhabited dwelling are (1) that the accused entered a dwelling, (2) that the dwelling did not belong to the accused, (3) that the dwelling was used in whole or in part as a home or place of abode, and (4) that the entry was not authorized."[247] Identification of the owner of the property is not an essential element of the crime.[248] Accordingly, Petitioner's claim that counsel should have objected to the amended bill of information is without merit because counsel is not required to make a baseless objection. Therefore, on *de novo* review, the Court finds that Petitioner had not established that his counsel's performance was deficient or any prejudice to the defense, and the claims are not substantial under *Martinez*.

---

[245] *Neal v. Cain*, 141 F.3d 207, 214 (5th Cir. 1998) (citing *United States v. Ward*, 757 F.2d 616, 619 (5th Cir. 1985)).

[246] *Id.*

[247] *State v. Reel*, 10-1737 (La. App. 4 Cir. 10/3/12); 126 So. 3d 506, 515–16.

[248] *Id.* at 515–16.

### G. Whether Counsel should have Filed a Motion to Suppress Prejudicial Photographs Depicting One of the Victim's Injuries and Any Other Motions to Suppress, a Motion in Limine to Prohibit the Introduction of the Photographs, a Motion for a Prieur Hearing to Determine Admissibility of Other Misconduct, Object to Photographs on Hearsay Grounds, and Object to the Prosecutor's Opening Statement

Petitioner objects to the Magistrate Judge's determination that he is not entitled to relief on his claims that counsel was ineffective in failing to file a motion to suppress, file a motion in limine, object to the opening statement of the prosecutor, object to admission of the photographs, and request a *Prieur* hearing.[249] Petitioner contends that these issues should have been resolved before trial to avoid the jury overhearing prejudicial information during bench conferences.[250] Accordingly, the Court reviews these claims *de novo.*

The state court record reflects that Petitioner's counsel did object to admission of the evidence regarding Petitioner's attack of the victim, and the objection was overruled by the trial court.[251] The fact that the objections were not successful does not amount to ineffective assistance of counsel. Considering that the appellate courts affirmed the admission of this evidence, Petitioner had not shown a reasonable probability that the outcome of the proceedings would have been different if counsel filed a motion to suppress, a motion in limine, or a motion for a *Prieur* hearing.

Furthermore, the photographs of the injuries were not hearsay and were properly authenticated at trial through the testimony of a police officer, who confirmed that the photographs were accurate representations of the victim's physical condition. Additionally, Petitioner's argument that his counsel should have objected to the prosecutor's opening statement is without merit because the prosecutor had merely explained what he believed the evidence would show,

---

[249] Rec. Doc. 47 at 25.

[250] *Id.* at 26.

[251] State Rec., Vol. III of VI, Trial Tr. at 7–8, 9, 38, Sept. 14, 2010.

and the jury was instructed that the opening statement was not evidence. Accordingly, Petitioner has not established that his counsel's performance was deficient or any prejudice to the defense, and the claims are not substantial under *Martinez*.

## H. Whether Counsel was Ineffective for Failing to Formulate a Defense

Petitioner also objects to the Magistrate Judge's finding that Petitioner is not entitled to relief on his claim that his counsel did not prepare a defense.[252] Petitioner contends that his counsel should not have relied on Petitioner's testimony to establish the defense because Petitioner had an extensive arrest record that was exposed on cross-examination.[253]

The state court record reflects that Petitioner's counsel did present the defense urged by Petitioner that he was innocent because he lived at the residence and was never asked to leave. Defense counsel did so by attacking the credibility of the State's witnesses and presenting Petitioner's own testimony. To the extent that Petitioner argues that his counsel should not have relied on Petitioner's own testimony to establish the defense, Petitioner has not presented evidence to show that other witnesses were available to testify or that they would have testified in a manner beneficial to the defense. "[A]n unsuccessful strategy does not necessarily indicate constitutionally deficient counsel."[254] Accordingly, on *de novo* review, the Court finds that Petitioner has not established deficient performance or prejudice resulting from counsel's pursuit of a defense, and this claim is not substantial to excuse Petitioner's procedural default.

---

[252] Rec. Doc. 47 at 29.

[253] *Id.* at 30.

[254] *Martinez v. Dretke*, 99 F. App'x 538, 543 (5th Cir. 2004).

## I. Whether Counsel was Ineffective in Failing to Make an Opening Statement and a Closing Argument

Next, Petitioner objects to the Magistrate Judge's determination that Petitioner is not entitled to relief on his claim that his trial counsel was ineffective for failing to make opening statements and closing arguments.[255] Petitioner does not expand upon this argument, except to state that "the prosecutions [sic] case was weak at best," and "the jury may have chosen to believe counsel's opening statement and closing argument rather than his clients."[256]

The decision of whether to present an opening statement "falls with the zone of trial strategy."[257] Additionally, statements made by an attorney during opening statements and closing arguments are not evidence. Therefore, Petitioner's argument that the jury may have believed his counsel's statements over Petitioner's own testimony is unavailing because at trial the court instructed the jury that a decision should be based on the evidence, not statements made by the attorneys.[258] Petitioner has not established that defense counsel could have said anything in an opening statement or closing argument that would have had a reasonable probability of changing the jury's verdict. Accordingly, on *de novo* review, the Court finds that Petitioner has not established deficient performance or prejudice resulting from counsel's failure to make an opening statement or closing argument, and this claim is not substantial to excuse Petitioner's procedural default.

---

[255] Rec. Doc. 47 at 31.

[256] *Id.*

[257] *Murray v. Maggio*, 736 F.2d 279, 283 (5th Cir. 1984) (citing *Williams v. Beto*, 354 F.2d 698, 703 (5th Cir. 1965)); *Sawyer v. Butler*, 848 F.2d 582, 592 (5th Cir. 1988).

[258] State Rec., Vol I of VI, Closing Jury Instructions at 2–5, Sept. 14, 2010.

### J. Whether Counsel was Ineffective when He Failed to Object to Photographs Being Taken into the Jury Room During Deliberations

Finally, Petitioner objects to the Magistrate Judge's recommendation that Petitioner is not entitled to relief on his claim that counsel was ineffective in failing to object to the jury viewing photographs during deliberations.[259] Petitioner does not raise any additional arguments on this issue, stating that he "will stay with his arguments in his petition as to this claim.[260]

Under Louisiana Code of Criminal Procedure article 793(A), a jury may request to see photographs received in evidence when the jury needs to examine them to arrive at a verdict.[261] The record reflects that, during deliberations and upon its request, the jury was provided with photographs of the victim, Rey, and Petitioner that were admitted into evidence at trial.[262] Louisiana law authorized sending the photographs to the jury upon its request. Petitioner has provided no legal reason for his counsel to have objected to the photographs being sent to the jury. Counsel is not ineffective for failing to assert a meritless objection.[263] Accordingly, this claim of ineffective assistance of counsel is not substantial and does not excuse Petitioner's procedural default or provide a basis for federal habeas relief.

---

[259] Rec. Doc. 47 at 31.

[260] *Id.*

[261] *State v. Thibodeaux*, 15-542 (La. App. 3 Cir. 3/15/17); 216 So. 3d 73 (citing *State v. Davis*, 92-1623 (La. 5/23/94); 637 So. 2d 1012, 1025).

[262] State Rec., Vol. III of VI, Trial Tr. at 88–91, 127–130, 174, Sept. 14, 2010.

[263] *Johnson*, 306 F.3d at 255.

## V. Conclusion

For the reasons stated above, Petitioner has not established any substantial ineffective assistance of counsel claims such that they establish cause for Petitioner's procedural default under the Supreme Court's holding in *Martinez v. Ryan*. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Kevin Besse's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this  16th  day of September, 2019.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**